[Cite as *State v. Hoffman*, 2017-Ohio-8457.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 17-CA-2 |
| | : | |
| KIMBERLIE B. HOFFMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Fairfield County
                                 Municipal Court, Case No. TRC1612185

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          November 7, 2017

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

DANIEL E. COGLEY                           SCOTT P. WOOD
City of Lancaster                          120 East Main St., Suite 200
136 W. Main St.                            Lancaster, OH 43130
Lancaster, OH 43130

*Delaney, P.J.*

{¶1} Appellant Kimberlie B. Hoffman appeals from the January 12, 2017 Judgment Entry of the Fairfield County Municipal Court incorporating the January 5, 2017 Entry overruling her motion to suppress. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The following evidence is adduced from the record of the hearing on appellant's motion to suppress, which alleged the officer lacked reasonable and articulable suspicion to stop appellant. The following facts, therefore, describe only the events leading up to the O.V.I investigation and arrest.

{¶3} This case arose on November 13, 2016, around 1:13 a.m., when a Fairfield County resident called the Sheriff's Office to report someone driving through fields in the area of Havensport Road, just south of Carroll-Eastern Road. Deputy Michael Ash reported to the scene and came upon a vehicle stopped in the roadway on Havensport Road, facing southbound. Ash testified the vehicle was in the immediate vicinity of the complaint area and although the complainant had not described the vehicle, Ash believed the stopped car could be the vehicle involved. The vehicle was stationary with all four tires on the paved portion of the roadway.

{¶4} Ash described the area as "rural residential;" there are homes in the area but not businesses. The immediate area is grass and fields.

{¶5} Ash stopped to check on the vehicle because it was out of place. He spoke to the driver, appellant, through her window. Ash asked if everything was O.K. and appellant said yes. She said she had stopped the car to send a text and attempted to pull away. Ash asked her to stop, pulled his cruiser in behind her car, and turned on his

overhead lights.  Ash testified that he noticed appellant's speech was slurred and wanted to verify her well-being.

{¶6}   Appellant was ultimately charged by Uniform Traffic Ticket (U.T.T.) with one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and one count of "stopping or parking on roadway" pursuant to R.C. 4511.66, a minor misdemeanor.

{¶7}   Appellant entered pleas of not guilty and filed a motion to suppress, arguing Ash had no reasonable and articulable suspicion to stop her because her actions did not violate R.C. 4511.66.  The matter proceeded to evidentiary hearing on January 4, 2017 and the trial court overruled the motion by Entry dated January 5, 2017.  Appellant then changed her pleas to ones of no contest and was sentenced as a first-time O.V.I. offender.

{¶8}   Appellant now appeals from the trial court's Final Judgment Entry of January 12, 2017.

{¶9}   Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶10} THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS.

## ANALYSIS

{¶11} Appellant argues the trial court erred in overruling her motion to suppress because she did not violate R.C. 4511.66.  We disagree.

{¶12} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact.  *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998).  During a suppression hearing, the trial court assumes the role

of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶13} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See*, Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

{¶14} As a general matter, determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

{¶15} Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, that an occupant is or has been engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.E.2d 889 (1968). If an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulate suspicion considering all the circumstances, then the stop is constitutionally valid. *State v. Adams*, 5th Dist. Licking No. 15 CA 6, 2015–Ohio–3786, quoting *State v. Mays*, 119 Ohio St.3d 406, 2008–Ohio–4539, 894 N.E.2d 1204.

{¶16} The Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion. *State v. Barzacchini*, 2014-Ohio-3467, 17 N.E.3d 1186, ¶ 17 (5th Dist.), citing *State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23. Further, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist. Id., citing *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *City of Dayton v. Erickson,* 76 Ohio St.3d 3, 665 N.E.2d 1091 (1996).

{¶17} In this case, appellant's argument is twofold: the evidence does not support the trial court's finding of fact that she was stopped on a roadway in a "predominantly rural area," and the trial court incorrectly decided the ultimate issue of whether Ash had

reasonable and articulable suspicion to stop her. Both arguments are premised upon appellant's assertion that the area of her encounter with Ash is a "residential district," therefore R.C. 4511.66 does not apply. The issue posed by the motion to suppress, however, is not whether appellant could be proven guilty of a violation of R.C. 4511.66, but whether Ash's decision to stop appellant was prompted by a reasonable and articulate suspicion considering all the circumstances. If we find that it was, the stop is constitutionally valid.

{¶18} An officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied every element of the offense he is investigating. *State v. Reddington*, 9th Dist. Medina No. 14CA0064–M, 2015-Ohio-2890, ¶ 16, citing *Westlake v. Kaplysh,* 118 Ohio App.3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997). Nor must the officer "adequately predict[ ] the outcome of an arrestee's legal defenses or ultimate conviction." *Reddington*, supra, 2015-Ohio-2890 at ¶ 16, citing *State v. Mays,* 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008–Ohio–4539, ¶ 17; *Bowling Green v. Godwin,* 110 Ohio St.3d 58, 850 N.E.2d 698, 2006–Ohio–3563, ¶ 15; *State v. Haas,* 3d Dist. Henry No. 7–10–15, 2012–Ohio–2362, ¶ 28 (stating that "an officer's reasonable articulable suspicion is not negated by the failure to ultimately establish that a traffic offense occurred and to attain a conviction.").

{¶19} First, we note Ash was responding to a complaint about a vehicle driving through fields at 1:30 a.m. Although the complainant did not describe the car, Ash found appellant simply stopped in the roadway in the area of the complaint. R.C. 4511.66(A) describes the "prohibition against parking on highways" and states in pertinent part:

Upon any highway outside a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.

* * * *.

{¶20} Appellant contends the stop was invalid because Ash described the area as "rural residential," and R.C. 4511.66 does not apply to such an area because a "residence district" is defined as "the territory, not comprising a business district, fronting on a street or highway, including the street or highway, where, for a distance of three hundred feet or more, the frontage is improved with residences or residences and buildings in use for business."  R.C. 4511.01(OO).  Upon our review of the record, we note Ash elaborated that while there are houses in the area, the roadway in this location ran alongside "either cut corn or cut bean fields."  (T. 10).

{¶21} Ash's uncontroverted testimony established he found appellant's vehicle stopped on a rural roadway at night, in the area of a complaint of a vehicle driving through fields.  Whether he could prove appellant guilty of a violation of R.C. 4511.66 is not the relevant question, but rather did he have a reasonable articulable suspicion to stop appellant to investigate further.  In *State v. Henderson*, 11th Dist. Lake No. 96-L-099,

1997 WL 158101, at *3, the reviewing court found a valid investigatory stop despite "the absence of a proper violation of R.C. 4511.66" because "the situation posed a potential traffic violation and a valid safety concern."

{¶22} We find the trial court's factual findings are supported by competent and credible evidence and, reviewing the traffic stop under the totality of the circumstances, find the trial court did not err in denying the motion to suppress.

{¶23} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶24} Appellant's assignment of error is overruled and the judgment of the Fairfield County Municipal Court is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Wise, John, J., concur.